UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JANAY THORNTON,

        Plaintiff,

    v.

VAN BUREN COMMUNITY MENTAL
HEALTH AUTHORITY,

        Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

    Plaintiff Janay Thornton alleges the following for her complaint against Defendant Van Buren Community Mental Health Authority.

### NATURE OF THE CASE

1.     This is an employment case about discrimination and retaliation.

2.     Plaintiff Janay Thornton worked for Defendant Van Buren Community Mental Health Authority where she encountered discrimination and harassment based on her sex, color, and race.

3.     Thornton's managers refused to train her appropriately and they would not assist her to learn how to do her job effectively because of her color and race.

4.     Then, another one of Thornton's managers sexually harassed her and told her "if

you're ready for me I could take you where you need to be," he "knows about black people," and that he gets "black women hired [with Defendant] because they are beautiful."

5. Thornton complained to Defendant about the discrimination and harassment she encountered and, shortly after her complaints, Defendant ended Thornton's employment.

6. Defendant's discriminatory and retaliatory conduct violates Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act. Thornton suffered damages as a result of Defendant's statutory violations that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

### PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Janay Thornton is an individual person who resides in Van Buren County, Michigan.

8. Defendant Van Buren Community Mental Health Authority is a community mental authority established under the laws of the State of Michigan. Defendant maintains its principal place of business in Van Buren County, Michigan.

9. The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

10. The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law. Title VII also independently affords subject matter jurisdiction in the United States courts. 42 U.S.C. § 2000e–5(f)(3).

11. The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so

related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

12.    Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

13.    Defendant Van Buren Community Mental Health Authority provides mental health services for persons with mental illnesses, emotional disorders, and developmental disabilities in Van Buren County.

14.    Plaintiff Janay Thornton worked for Defendant as an access technician beginning on February 24, 2020 and ending on May 28, 2020.

15.    Thornton is bi-racial (white and black).

16.    During her employment, Thornton was harassed and discriminated against because of her sex, race, and color.

17.    For example, a coworker accused Thornton of taking pictures of a client's financial information (which she had not done) and when Thornton asked why her coworker thought she had done this, her coworker responded:  "You just look like you would."

18.    Another time, one of Thornton's managers (Mike Horein) came into her office, closed the door, got very close to Thornton, and petted her hand while whispering to her that "if you're ready for me I could take you where you need to be."  Horein also told Thornton that he "knows about black people" and that he gets "black women hired because they are beautiful."

19.    Horein eventually left Thornton's office, but he then later emailed her an image of a scantily clad female who had been dripping wet.

20.    Thornton reported the incident with Horein to her managers, one of whom had previously dated Horein and she remained close friends with him.  Thornton's managers all

downplayed the incident with Horein and told Thornton to not make a big deal out of the incident because Horein, according to her managers, is a good guy and he means well.

21.     Thornton also reported the incident with Horein to Defendant's human resources staff.

22.     On another occasion, one of Thornton's managers told her when completing a client intake form that a person "cannot be white with Hispanic descent – that's not a thing" and the "clients don't know any better."   Thornton objected and explained that she found this offensive as a biracial person.

23.     After Thornton's complaints about Horein and her opposition to Defendant's racially offensive behavior Thornton's managers refused to train her appropriately and—despite her requests—they would not assist Thornton with learning how to do her job effectively.

24.     Thornton complained to Defendant's human resources staff about the discriminatory training (or more accurately the refusal to train her) and requested information about how to make an additional written complaint.

25.     Two days later, Defendant informed Thornton that it planned to fire her for reasons that were false and pretext for discrimination and retaliation.  Defendant, however, gave Thornton the option to resign her employment in lieu of involuntary termination.

26.     Thornton chose to resign her employment in lieu of the impending and immediate involuntary termination.

27.     Thornton filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

28.     Thornton repeats and incorporates all the previous allegations in her complaint.

29.     Thornton is biracial (white and black).

30.     Defendant's managers refused and failed to train Thornton.

31.     Defendant then told Thornton that it would fire her if she did not resign her employment.

32.     Thornton's race and color were motivating factors in Defendant's failure and refusal to train her.

33.     Thornton's race and color were motivating factors in Defendant's decision to end her employment.

34.     Thornton suffered damages as a result of Defendant's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

35.     Thornton repeats and incorporates all the previous allegations in her complaint.

36.     Thornton is biracial (white and black).

37.     Defendant's managers refused and failed to train Thornton.

38.     Defendant then told Thornton that it would fire her if she did not resign her employment.

39.     Thornton's race and color were one of the motives or reasons which made a difference in Defendant's failure and refusal to train her.

40.     Thornton's race and color were one of the motives or reasons which made a

- 5 -

difference in Defendant's decision to end her employment.

41.     Thornton suffered damages as a result of Defendant's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3
### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.     Thornton repeats and incorporates all the previous allegations in her complaint.

43.     Thornton engaged in activity protected by Title VII of the Civil Rights Act of 1964 when she complained to Defendant about the harassment, discrimination, and retaliation she encountered in Defendant's workplace.

44.     Defendant knew about Thornton's protected activity.

45.     Defendant took adverse employment actions against Thornton when it refused and failed to train her and ended her employment.

46.     Defendant would not have taken these adverse actions against Thornton but for her protected activity.

47.     Thornton suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 4
### RETALIATION IN VIOLATION OF MICHIGAN'S
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

48.     Thornton repeats and incorporates all the previous allegations in her complaint.

49.     Thornton engaged in activity protected by the Elliott-Larsen Civil Rights Act when she complained to Defendant about the harassment, discrimination, and retaliation she encountered in Defendant's workplace.

50.     Defendant knew about Thornton's protected activity.

51.     Defendant took adverse employment actions against Thornton when it refused and failed to train her and ended her employment.

52.     There was a causal connection between Thornton's protected activities and the adverse employment actions Defendant took against her.

53.     Thornton suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## JURY DEMAND

54.     Thornton demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

55.     Plaintiff Janay Thornton requests that the Court enter a judgment in her favor and against Defendant in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

56.     Thornton also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

JANAY THORNTON

Dated:  July 1, 2021                    By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
*Attorney for Plaintiff*
PALADIN EMPLOYMENT LAW PLLC
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com